UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Sito Tolentino,

           Plaintiff,

-against-

Compass Recovery Group, LLC,

           Defendant.

**COMPLAINT and DEMAND FOR JURY TRIAL**

Case No.

Plaintiff, Sito Tolentino ("Plaintiff"), through is attorneys, hereby alleges the following against Defendant, Compass Recovery Group, LLC ("Defendant"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

### Parties

2. Plaintiff is a natural person residing in Lynn, Massachussetts and is otherwise *sui juris*.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant is a company conducting business in Massachusetts and is organized and has its principal place of business in Erie County, City of Depew, New York.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6) and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Since Defendant is a New York company, personal jurisdiction is established.

8. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. Venue is proper in the United States District Court Western District of New York pursuant to 28 U.S.C § 1391(b) because Defendant resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## Factual Allegations

10. On or around February 26, 2020, Defendant placed a collection call to Plaintiff in connection with its attempt to collect an alleged debt.

11. The alleged debt arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone number at (978) XXX-8317.

13. On or around February 26, 2020, Defendant left a voicemail message on Plaintiff's cellular telephone.

14. In the voicemail message Defendant failed to meaningfully disclose its identity, the nature of the call or state that the call was from a debt collector.

15. Specifically, Defendant purposefully identified itself as "Compass Legal Group", a title that does not accurately reflect its true name and exaggerates the status of the debt including, but not limited to, falsely implying that legal action on the debt is forthcoming.

16. In the voicemail message, Defendant failed to disclose the purpose of its call was to collect a debt allegedly owed by Plaintiff.

17.    In the voicemail message, Defendant directed Plaintiff to call back telephone number (716) 587-8947, which is a phone number assigned to Defendant.

18.    Defendant is engaging in conduct the natural consequence of which is to harass, oppress, and abuse Plaintiff in connection with attempting to collect on a debt by failing to meaningfully disclose its identity in phone calls.

19.    Defendant is also using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt, and by falsely identifying itself and implying it is an attorney.

## FIRST CAUSE OF ACTION
### *Defendant Violated The FDCPA, 15 U.S.C. § 1692 et seq.*

20.    Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-19.

21.    Defendant's violations of the FDCPA include, but are not limited to, the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

    b. Defendant violated §1692d(6) of the FDCPA by placing a telephone call without meaningful disclosure of its identity;

    c. Defendant violated §1692e of the FDCPA by using any other false, deceptive, or misleading representation or means in connection with the debt collection;

    d. Defendant violated §1692e(10) of the FDCPA by falsely representing that it was "Compass Legal Group" to exaggerate the status of the debt;

    e. Defendant violated §1692(e)(11) of the FDCPA by failing to disclose that it is a debt collector; and

  f. Defendant violated §1692(e)(14) of the FDCPA by using business, company, or organization name, "Compass Legal Group," other than Defendant's true name.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

22. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

23. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

24. Awarding such other and further relief as may be just, proper and equitable.

### JURY TRIAL DEMAND

25. Plaintiff demands a jury trial on all issues so triable.

            RESPECTFULLY SUBMITTED,

Dated: December 3, 2020    /s/ Adam Hill
            Adam Hill
            The Law Offices of Jeffrey Lohman, P.C.
            28544 Old Town Front St., Suite 201
            Temecula, CA 92590
            AdamH@jlohman.com
            P: (657) 236-3525
            F. (602) 857-8207

            *Attorneys for Plaintiff, Sito Tolentino*